# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| CHAD ZOLLMAN, JOSHUA HALL, and JONATHAN TUCKER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) No. 4:20-cv-00075-TWP-DML |
| EVAN TUCKER, and CAPACITY TRANSPORT, INC., | ) ) ) ) |
| Defendants. | ) |

## ENTRY ON JURISDICTION

It has come to the Court's attention that Defendant's Notice of Removal fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Notice of Removal alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Notice of Removal fails to sufficiently allege the citizenship of Defendant Evan Tucker and the amount in controversy. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

Furthermore, jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court. *See America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (only a statement about jurisdiction "made on personal knowledge has any value," and a statement made "'to the best of my knowledge and belief' is insufficient" to invoke diversity jurisdiction "because it says nothing about citizenship"); *Page v. Wright*, 116 F.2d 449, 451 (7th Cir. 1940) (an allegation of a

party's citizenship for diversity purposes that is "made only upon information and belief" is unsupported).

The Notice of Removal sufficiently alleges the citizenship of the Plaintiffs and Defendant Capacity Transport, Inc. However, the Notice of Removal alleges, "[t]o the best of Petitioner's knowledge and information, Defendant Evan Tucker is a citizen of Kentucky." (Filing No. 1 at 2.) Additionally, the Notice of Removal alleges, "[t]o the best of Petitioner's knowledge and information, Plaintiffs will claim as damages a sum of money exceeding Seventy-Five Thousand Dollars ($75,000)." *Id.* These allegations made "to the best of Petitioner's knowledge and information" are not sufficient to establish subject matter jurisdiction.

As the party asking this Court to invoke its jurisdiction, Defendant Capacity Transport, Inc. must properly assert the necessary jurisdictional allegations to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, Defendant Capacity Transport, Inc. is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date: 4/1/2020

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Elizabeth A. Deener
LANDRUM & SHOUSE, LLP
edeener@landrumshouse.com

John L. Smith
SMITH LAW LLC
johnsmith@forthepeople.com